IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MOLINARO, | ) CIVIL DIVISION |
| Plaintiff, | ) Case No: 2:22-cv-00882-WSS |
| vs. | ) Judge William S. Stickman |
| LEET TOWNSHIP, | ) *Electronically Filed* |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES**

AND NOW comes Defendant, LEET TOWNSHIP, by and through its attorneys, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN and ESTELLE K. McGRATH, ESQUIRE, and presents this Answer and Affirmative Defenses in response to Plaintiff's Complaint in Civil Action, averring in support thereof as follows:

**JURISDICTION AND VENUE**

1. The averments of Paragraph 1 of the Complaint constitute conclusions of law, to which no response is required. To the extent in which a response may be deemed required, it is denied that Plaintiff possesses any valid grievance or a suffered violation of any constitutional right.

2. The averments of Paragraph 2 of the Complaint constitute conclusions of law, to which no response is required. To the extent in which a response may be deemed required, it is denied that Plaintiff has suffered a violation of any right under the First or Fourteenth Amendment of the United States Constitution or 42 U.S.C. § 1983.

3. The averments of Paragraph 3 of the Complaint constitute conclusions of law, to which no response is required.

4. The averments of Paragraph 4 of the Complaint constitute conclusions of law, to which no response is required. By way of further answer, Defendant does not challenge venue in this Court.

## PARTIES

5. Admitted.

6. Admitted.

7. While denying many of the alleged acts of municipal agents asserted throughout the Complaint, Paragraph 7 of the Complaint is admitted only to the extent that, when it acts, Leet Township acts through the lawful and authorized actions of its Board of Commissioners. The remaining averments of Paragraph 7 of the Complaint are denied.

## FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. The averments of Paragraph 10 of the Complaint are admitted only to the extent that, during his tenure as Chief of Police for Leet Township, Plaintiff concerned himself with allegations pertaining to the conduct of a part-time police officer, Nicklas Vigliotti. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averment that Officer Vigliotti engaged in any sort of inappropriate behavior, and the same is therefore denied, with strict proof demanded.

11. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 11 of the Complaint, and the same are therefore denied with strict proof demanded.

12. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 12 of the Complaint, and the same are therefore denied with strict proof demanded.

13. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 13 of the Complaint, and the same are therefore denied with strict proof demanded.

14. Upon information and belief, it is admitted only that Plaintiff received an email from one other Township employee containing a statement of complaint about Officer Vigliotti. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation or implication that the said Complaint was justified or based in fact or that any other employee made a complaint concerning Officer Vigliotti, and said averments are therefore denied.

15. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 15 of the Complaint, and the same are therefore denied with strict proof demanded.

16. Denied as stated.  By way of further response, Plaintiff's attempted termination of Officer Vigliotti was contrary to Pennsylvania's First Class Township Code, as only the Board of Commissioners of Leet Township have the power to hire and fire employees.

17. Admitted.

18. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 18 of the Complaint, and the same are therefore denied with strict proof demanded.

19. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 19 of the Complaint, and the same are therefore denied with strict proof demanded.

20. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 20 of the Complaint, and the same are therefore denied with strict proof demanded.

21. Admitted, upon information and belief.

22. Denied as stated. To the contrary, Officer Vigliotti complained that Plaintiff had reported to Pennsylvania's Municipal Police Officers' Education and Training Commission (MPOETC) that Vigliotti had been terminated for cause, when he in fact he had submitted a letter of resignation.

23. Denied. By way of further answer, Officer Vigliotti was never terminated by the Commissioners. Further, the Commissioners voted to reject Vigliotti's resignation and ordered Plaintiff to place Officer Vigliotti back on the schedule.

24. The averments in Paragraph 24 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the averments are admitted in part and denied in part. It is admitted only that Plaintiff vocally stated opposition to the reinstatement of Vigliotti at the Township meeting. The remaining averments of Paragraph 24 of the Complaint are denied. To the contrary, Plaintiff's comments were unnecessary and inappropriate, because they concerned personnel matters, which by law are permitted to be discussed outside of a public meeting due to their sensitive nature and the potential for negative impact on functioning of the government workplace. Therefore, upon information and belief, it is averred that Plaintiff's statements during the Township meeting were inappropriate, out of order and not voiced as a

matter of public concern, but rather as a means of advancing Plaintiff's own personal agenda regarding Officer Vigliotti.

25. The averments of Paragraph 25 constitute conclusions of law to which no response is required. To the extent a response is required, it is admitted in part and denied in part. It is admitted only that Plaintiff's inappropriate comments at the Township meeting were not placed into the official minutes of that meeting. It is denied that Plaintiff's statements pertained to a matter of public concern, that they were appropriate to be voiced at a public meeting, or that they were required to be recorded in the minutes of the Township meeting pursuant to Pennsylvania law or the United States Constitution.

26. The averments of Paragraph of 26 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. To the contrary, Plaintiff's comments at the public meeting concerning Officer Vigliotti were omitted because such comments were personnel matters that are more properly discussed in executive session, which is not open to the public.

27. The averments of Paragraph 27 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, they are denied and Defendant incorporates herein its answer to Paragraph 26 of the Complaint.

28. The averments of Paragraph 28 of the Complaint are admitted to the extent that Plaintiff was placed on administrative leave on or about April 15, 2022 pending an investigation into his conduct. By way of further answer, the investigation pertains to issues of potential malfeasance by Plaintiff beyond his controversial treatment of Officer Vigliotti and having nothing whatever to do with his statements at the public meeting.

29. Part of the averments of Paragraph 29 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are admitted in part and denied in part. It is admitted that Officer Vigliotti currently remains employed as a part-time police officer for Leet Township. It is denied that the circumstances concerning Officer Vigliotti's employment as a part-time patrol officer is in any way comparable to the circumstances which have resulted in Plaintiff being placed on paid administrative leave from his position as Chief of Police. The actions taken by the Board of Commissioners with regard to Vigliotti and Plaintiff are entirely rational, based upon the differing conduct and circumstances of each officer.

30. The averments of Paragraph 30 are admitted in part and denied in part. By way of further response, it is admitted that Plaintiff falsified a MPOETC separation form. All further averments are denied.

31. Following reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in Paragraph 31 of the Complaint, and the same are therefore denied with strict proof demanded.

32. The averments of Paragraph 32 contain conclusions of law to which no response is required. To the extent a response is required, the same are denied. By way of further response, the Township Board of Commissioners were unaware of Plaintiff's alleged political opposition to any member of the Board, which opposition, if it existed, provided no motive for any sort of political retaliation and was ineffectual, in any event. By way of further answer, it is averred upon information and belief, that Plaintiff's claim of political retaliation is fabricated for the purpose of attempting to preempt a legitimate investigation into his own questionable conduct.

33. The averments of Paragraph 33 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required the same are denied. By way of further response, Plaintiff has failed to describe any instance of protected speech on a matter of public concern, and his placement on administrative leave has nothing to do with any comments he made at a Township meeting. To the contrary, upon information and belief, Plaintiff's claim of speech retaliation is fabricated for the purpose of attempting to preempt a legitimate investigation into his own questionable conduct.

34. The averments of Paragraph 34 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the same are denied. By way of further response, Plaintiff has suffered no loss of employment, income, property or liberty as a result of being placed on paid administrative leave. By way of further answer, the steps taken by the Board of Commissioners with respect to investigation of the conduct of the Plaintiff have been lawful, justified and necessary for the maintenance of good government and the protection of the constitutional rights of others. It is denied that the Plaintiff has suffered a violation of any constitutional right.

### COUNT I:

### PLAINTIFF v. DEFENDANT

**VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY §1983 AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

**RETALIATION – POLITICAL AFFILIATION**

35. Defendant incorporates herein by reference its answers to Paragraphs 1 through 34 of the Complaint, as though the same are set forth at length herein.

36. The averments of Paragraph 36 of the Complaint constitute legal conclusions, to which no response is required. To the extent which any response may be deemed required, it is specifically denied that Plaintiff has suffered any violation of his constitutional rights or that he is entitled to any damages or sustained any injury of any kind as a result of the conduct of the Defendant.

37. The averments of Paragraph 37 of the Complaint constitute conclusions of law, to which no response is required. To the extent which any response may be deemed required, it is specifically denied that Plaintiff suffered "retaliation based on political opposition." Defendant further incorporates herein by reference its answers to Paragraphs 18, 19, 20, 32 and 33 of the Complaint.

38. The averments of Paragraph 38 of the Complaint constitute conclusions of law, to which no response is required. To the extent which any response may be deemed required, the averments are denied. Defendant further incorporates herein by reference its answers to Paragraphs 27, 32 and 33 of the Complaint.

39. The averments of Paragraph 39 of the Complaint constitute conclusions of law, to which no response is required. To the extent which any response may be deemed required, the averments are denied. Defendant further incorporates herein by reference its answers to Paragraphs 18, 19, 20, 32 and 33 of the Complaint.

40. The averments of Paragraph 40 of the Complaint constitute conclusions of law, to which no response is required. To the extent which any response may be deemed required, the averments are denied.

41. The averments of Paragraph 41 constitute conclusions of law, to which no response is required. To the extent which any response may be deemed required, the averments are denied.

42. The averments of Paragraph 42 of the Complaint constitute conclusions of law, to which no response is required. To the extent which any response may be deemed required, the averments, including each of its subparagraphs, are denied in their entirety.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, with an award of counsel fees and costs.

## COUNT II:

### PLAINTIFF v. DEFENDANT

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

### RETALIATION – PROTECTED SPEECH

43. Defendant incorporates herein by reference its answers to Paragraphs 1 through 42 of the Complaint, as though the same are set forth at length herein.

44. The averments of Paragraph 44 of the Complaint constitute conclusions of law, to which no response is required. To the extent in which any response may be deemed required, said averments are denied.

45. The averments of Paragraph 45 of the Complaint constitute conclusions of law, to which no response is required. By way of further answer, it is denied that Plaintiff has been subjected to any retaliation based upon his speech.

46. Admitted in part and denied in part. It is admitted only that Plaintiff vocally stated opposition to the reinstatement of Vigliotti at the Township meeting. The remaining averments of Paragraph 46 of the Complaint are denied. To the contrary, Plaintiff made inappropriate comments concerning personnel matters, which by law are permitted to be discussed outside of a public meeting due to their sensitive nature and the potential harmful impact on functioning of the

government workplace.  Therefore, upon information and belief, it is averred that Plaintiff's statements during the Township meeting were inappropriate, out of order and not voiced as a matter of public concern, but rather as a means of advancing Plaintiff's own personal agenda regarding Officer Vigliotti.

47.     The averments of Paragraph 47 constitute conclusions of law to which no response is required.  To the extent a response is required, it is denied that Plaintiff's statements were a matter of public concern.   To the contrary, Plaintiff's statements were more appropriate for executive session, were personnel matters are discussed.

48.     The averments of Paragraph 48 constitute conclusions of law to which no response is required.  To the extent a response is required, it is denied that Plaintiff's statements were a matter of public concern.   To the contrary, Plaintiff's statements were more appropriate for executive session, were personnel matters are discussed.

49.     The averments of Paragraph 49 of the Complaint are admitted in part and denied in part.  It is admitted only that Plaintiff has been placed on paid administrative leave.  It is denied that there was any causal connection between Plaintiff's conduct at the Township meeting and his placement on administrative leave.

50.     The averments of Paragraph 50 constitute conclusions of law to which no response is required.  To the extent in which any response may be deemed required, said averments are denied.

51.     The averments of Paragraph 51 constitute conclusions of law to which no response is required.  To the extent in which any response may be deemed required, said averments are denied.

52. The averments of Paragraph 52 constitute conclusions of law to which no response is required. To the extent in which any response may be deemed required, said averments, including each of its subparagraphs, are denied in their entirety.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, with an award of counsel fees and costs.

## COUNT III:

## PLAINTIFF v. DEFENDANT

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

### EQUAL PROTECTION – CLASS OF ONE

53. Defendant incorporates herein by reference its answers to Paragraphs 1 through 52 of the Complaint, as though the same are set forth at length herein.

54. The averments of Paragraph 54 of the Complaint constitute conclusions of law, to which no response is required. To the extent which a response may be deemed required, it is specifically denied that Defendant violated Plaintiff's constitutional rights in any regard.

55. The averments of Paragraph 55 of the Complaint are denied. To the contrary, there are no law enforcement officers in Leet Township who are similarly situated to the Plaintiff, who is a Chief of Police under investigation for possible malfeasance.

56. The averments of Paragraph 56 of the Complaint are admitted only to the extent that Plaintiff has been placed on paid administrative leave. Any other averments contained or implied by Paragraph 56 of the Complaint are denied.

57. Admitted in part and denied in part. It is admitted that Officer Vigliotti was not placed on paid administrative leave and is currently employed as a part-time patrol officer by Leet

Township. The remaining averments of Paragraph 57 of the Complaint are denied. To the contrary, Plaintiff mishandled the purported termination of Officer Vigliotti, which required Defendant to take corrective action. It is further denied that Plaintiff's complaints against Officer Vigliotti are in any way comparable or similar to the concerns about Plaintiff's behavior that are being investigated.

58. Denied. By way of further answer, Plaintiff is receiving more generous treatment than he provided to Officer Vigliotti, in that Plaintiff removed Vigliotti from his employment position without proper investigation, a hearing, or compensation, whereas Plaintiff is being paid his full salary while the allegations against him are being investigated.

59. The averments of Paragraph 59 of the Complaint contain conclusions of law to which no response is required. To the extent which a response may be deemed required, the averments, including each of its subparagraphs, are denied in their entirety.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, with an award of counsel fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's comments about personnel matters at a public meeting were improper, as personnel matters are to be discussed in executive session.

1. Plaintiff's inappropriate comments about personnel matters are permitted by law to be discussed outside of a public meeting due to the potential for negative impact on functioning of the government workplace.

2. Plaintiff's statements during the Township meeting were out of order and not voiced as a matter of public concern, but rather as a means of advancing Plaintiff's own personal agenda regarding Officer Vigliotti.

3. Plaintiff's inappropriate comments about personnel matters were not required to be recorded in the minutes of the Township meeting pursuant to Pennsylvania law or the United States Constitution.

4. Minutes of Township meetings are not intended to constitute a verbatim transcript of everything said at the meeting and not every statement on matters personal or public is entitled to be memorialized in the official minutes.

## SECOND AFFIRMATIVE DEFENSE

Defendant Leet Township placed Plaintiff on paid administrative leave, pending an independent investigation, as a result of Plaintiff's malfeasance/incompetence relating to his handling of **Officer Vigliotti.**

1. Plaintiff failed to consult Defendant Leet Township regarding alleged personnel matters with Officer Vigliotti.

2. Plaintiff failed to follow Leet Township Police Department's Disciplinary Policy and failed to follow the First Class Township Code relating to discipline of Officer Vigliotti.

3. Despite directives from Defendant Leet Township's Board of Commissioners, Plaintiff acted in an insubordinate fashion by failing to place Officer Vigliotti back on the schedule.

4. Despite the same, upon information and belief, Plaintiff fraudulently completed a form from the Municipal Police Officers' Education and Training Commission (MPOETC) that listed Officer Vigliotti as terminated for a disciplinary record effective December 30, 2021.

5.    Only the Board of Commissioners of Leet Township have the power to hire and fire employees, pursuant to Pennsylvania's First Class Township Code.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the independent investigation into Plaintiff has revealed Plaintiff purposely frustrated legitimate means of preserving evidence relating to the investigation of domestic abuse allegations.

1.    In early 2022, Plaintiff called an officer's private cell phone to report an unknown driver struck his fence to avoid a record of the call.

2.    During that investigation, the Officers learned that the unknown driver was Plaintiff's girlfriend.

3.    Officers observed Plaintiff's girlfriend crying and she reported Plaintiff struck her, pulled her hair, threw her to the ground and broke her phone.

4.    Plaintiff denied striking his girlfriend and the girlfriend eventually agreed to stay at Plaintiff's home.

5.    Plaintiff instructed responding Leet Township officers not to write a police report documenting the incident.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the independent investigation into Plaintiff has revealed that Plaintiff has abused his authority and violated certain crimes codes.

1.    A resident of Leet Township posted a social media comment referencing not seeing a police vehicle in his neighborhood for over a month.

2.    Plaintiff then contacted that resident asking about that social media post.

3. Plaintiff then showed up at that resident's place of business driving a patrol vehicle and in full police uniform.

4. Plaintiff confronted the resident about the social media comment and told the resident that if the post was not deleted there would be consequences.

5. According to the investigation, Plaintiff acted in an aggressive and confrontational manner.

6. The investigation also revealed that Plaintiff thereafter caused the resident's business to lose favor with Defendant by no longer utilizing said business.

**FIFTH AFFIRMATIVE DEFENSE**

Upon information and belief, the independent investigation into Plaintiff has revealed Plaintiff, in his capacity as Chief of Police, attempted to steal money during the execution of a search warrant.

1. Body camera evidence verifies that over $900 was seized in conjunction with a search warrant.

2. The evidence shows that only over $100 was inventoried after Plaintiff took said funds.

3. Further evidence confirms that other officers noticed the unaccounted for missing monies, which eventually forced Plaintiff to replace said monies.

4. The investigation has revealed that Plaintiff deleted portions of his own body cam footage and a portion of another officer's body cam.

5. Plaintiff's actions revealed that he attempted to cover up his own actions by deleting the body cam evidence.

**SIXTH AFFIRMATIVE DEFENSE**

Upon information and belief, the independent investigation has revealed that Plaintiff abused his authority by violating his official duty and demonstrating inefficiency, neglect, intemperance, disobedience of orders and conduct unbecoming an officer.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, the independent investigation has revealed that Plaintiff committed acts of insubordination and/or incompetence in his interactions and untruthfulness to the Board of Commissioners.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant Leet Township, acting through its Board of Commissioners, at all times relevant to Plaintiff's cause of action were acting in good faith and with a reasonable belief that their actions were lawful and not in violation of the rights of Plaintiff under the Constitution and the laws of the United States.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, sufferings and/or damages, if any, were caused by his own potentially criminal, willful, malicious conduct and/or his own negligence and not by any First Amendment or Equal Protection Violation.

**TENTH AFFIRMATIVE DEFENSE**

Even if any action or conduct on the part of Defendant was motivated in any respect by Plaintiff's constitutionally protected activity, the same being denied, any and all employment

decisions and actions regarding the Plaintiff would have been the same, based upon lawful factors other than any protected activity of the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The conduct of Defendant was lawful and at no time did Defendant engage in any retaliation against or toward Plaintiff because of any activity protected by the constitutions of the United States or the Commonwealth of Pennsylvania.

### TWELFTH AFFIRMATIVE DEFENSE

The conduct of Defendant was lawful and at no time did Defendant treat Plaintiff differently than similarly situated law enforcement officers.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part in that they fail to state a claim as to which relief may be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not engaged in any activity protected under the First Amendment.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may prove that he suffered any damages, Plaintiff's recovery is either totally or partially barred by Plaintiff's failure to mitigate his damages.

WHEREFORE, Defendant, Leet Township, demands judgment in its favor and against Plaintiff, together with reimbursement of all costs and fees associated with the defense of this matter.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:   *s/ Estelle K. McGrath*
ESTELLE K. McGRATH, ESQUIRE
PA ID #87799
**Counsel for Defendant Leet Township**
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA  15219
412-803-1186 // 412-803-1188 fax
ekmcgrath@mdwcg.com

LEGAL/147238408.v1